O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MANRIQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-7341-KES<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Ernest Maniquez ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying his application for Social Security Disability Insurance benefits ("DIB"). For the reasons discussed below, the ALJ's decision is AFFIRMED.

## I.

## BACKGROUND

Plaintiff applied for DIB on February 24, 2014, alleging disability commencing August 6, 2013. Administrative Record ("AR") 102-105. An ALJ conducted a hearing on August 18, 2014, at which Plaintiff, who was represented by an attorney, appeared and testified. AR 35-67.

On March 27, 2015, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 16-33. The ALJ found that Plaintiff had the following severe impairments: deep venous thrombosis; villous adenocarcinoma of the rectum, status post excision of the transanal lesion; hypertension; diabetes mellitus; and diverticulosis. AR 14. Notwithstanding his impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations: he can lift and carry twenty pounds occasionally and ten pounds frequently; he can stand and walk, with normal breaks, for six hours in an eight-hour workday; he can sit, with normal breaks, for six hours in an eight-hour workday; and he can occasionally climb, balance, kneel, crouch, crawl, and stoop. AR 15. Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could return to his past relevant work as a purchasing agent and marketing representative. AR 18. Therefore, the ALJ concluded that Plaintiff is not disabled. Id.

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Comm'r of SSA, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from

the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

In determining a claimant's RFC, the ALJ should consider those limitations for which there is support in the record, but the ALJ need not consider properly rejected evidence of subjective complaints. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."); Batson v. Comm'r of SSA, 359 F.3d 1190, 1197 (9th Cir. 2004) ("The ALJ was not required to incorporate evidence from the opinions of Batson's treating physicians, which were permissibly discounted.").

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate non-disability determination." Stout v. Comm'r of SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

## III.
## ISSUES PRESENTED

Plaintiff raises one claim of error: that the ALJ did not properly consider Plaintiff's testimony. Joint Stipulation ("JS") at 4.

## IV.
## DISCUSSION

**A.** **The ALJ properly discounted Plaintiff's subjective pain testimony.**

    **1.** **Applicable Law.**

An ALJ's assessment of symptom severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not

required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. Lingerfelter, 504 F.3d at 1035-36. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036. If so, the ALJ may not reject claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only if he makes specific findings that support the conclusion. Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010). Absent a finding or affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Lester, 81 F.3d at 834; Ghanim v. Colvin, 763 F.3d 1154, 1163 & n.9 (9th Cir. 2014). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ may also use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for lying and inconsistencies in his statements or between his statements and his conduct. Smolen, 80 F.3d at 1284; Thomas, 278

1 F.3d at 958-59.[1]

### 2. Plaintiff's Testimony.

Plaintiff testified that he was diagnosed with cancer in approximately August 2013. AR 34-35. He was also diagnosed with vein thrombosis (blood clots) in both legs, and he still has a blood clot in his right leg. AR 34-35, 39. Because of pain and cramping in his legs, Plaintiff testified that he can sit for only 20 minutes. AR 43. He gets leg cramps after sitting for extended periods of time, and occasionally experiences swelling in his thighs and knees. AR 44. He testified that he can stand approximately 10-15 minutes at a time, and can walk about 20 yards before getting leg cramps or pain, but he cannot walk up stairs without assistance. AR 44. Plaintiff testified that his leg pain is on average a 7 or 8 out of 10. AR 47. He experiences major episodes of immobilizing leg cramps and pain three to four times per day, and to alleviate pain, he has to lay down and stretch his legs to prevent cramping and soreness. AR 47. These major episodes last anywhere from 20 minutes to an hour. AR 48. Plaintiff testified that he uses a cane to move around and walk up the stairs. AR 49. The cane was not prescribed, but Plaintiff testified that a doctor may have suggested that he get one. AR 49.

Plaintiff also testified that he experiences rectal and abdominal pain he attributes to surgeries that removed cancerous tumor and lymph nodes in February 2014. AR 41. Plaintiff's surgery causes pain associated with his irregular bowel

---

[1] The Social Security Administration ("SSA") recently published SSR 16-3p, 2016 SSR LEXIS 4, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims. SSR 16-3p eliminates use of the term "credibility" from SSA policy, as the SSA's regulations do not use this term, and clarifies that subjective symptom evaluation is not an examination of a claimant's character. Murphy v. Comm'r of SSA, 2016 U.S. Dist. LEXIS 65189, at *25-26 n.6 (E.D. Tenn. May 18, 2016). SSR 16-3p took effect on March 16, 2016, approximately a year after the ALJ issued his decision on March 27, 2015, and therefore is not applicable to the ALJ's decision in this case. Id.

movements. AR 42. The rectal pain he experiences prevents him from sitting for long periods of time. His irregular bowel movements make him get up to use the restroom approximately 20 times a day, 10 of those times between the period of 9:00 am and 5:00 pm. He can spend 15-20 minutes at a time in the bathroom. AR 43. Plaintiff was also diagnosed with a pulmonary embolism (blood clot in the lung), which he testified causes fatigue and shortness of breath. AR 46.

On a typical day, Plaintiff wakes up, showers, and occasionally does some unpaid consultant work on his computer, although he cannot sit in front of his computer for long periods of time due to rectal pain. AR 40. He gets fatigued and develops leg cramps if he walks too much, and has to lay down and stretch. AR 40. He may go to the grocery store with his wife but usually sits in the car or in the store and waits for her. He does not help carry bags due to his abdominal pain. AR 41. Plaintiff testified that he cannot cook, clean, or do laundry. AR 47. He may occasionally help fold laundry. AR 47. Plaintiff testified that moving things such as mop causes abdominal pain, and standing to cook or clean hurts his legs. AR 47. Plaintiff testified that he can lift approximately 5 pounds, but anything heavier causes abdominal pain. AR 45. Plaintiff sleeps only two to three hours per night and is fatigued all of the time. AR 37, 46.

Plaintiff takes a number of medications, including blood thinners for his blood clots, insulin for his diabetes, tramadol for pain, blood pressure medications, Xanax for anxiety, and Prozac for depression. AR 36. Plaintiff testified that his medications make him unable to focus and cause lack of concentration, dizziness, and blurred vision. AR 35. He cannot drive due to the side effects of his medications. AR 35.

Plaintiff testified that his medications for anxiety and depression are ineffective. AR 37. His anxiety symptoms include fidgeting, anxiousness, restlessness, and inability to concentrate. AR 38. He testified that his depression makes him "not able to function." AR 38. Plaintiff's general practitioner prescribed

his psychiatric medication; Plaintiff has not received any counseling for his anxiety or depression. AR 39.

### 3. The ALJ's Treatment of Plaintiff's Testimony.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible …." AR 17. The ALJ gave four reasons for discounting Plaintiff's credibility: (1) lack of objective evidence to support Plaintiff's allegations; (2) very little treatment inconsistent with Plaintiff's allegations of disabling pain; (3) inconsistent statements regarding Plaintiff's ability to walk unassisted; and (4) that Plaintiff showed "little propensity to work" during the several years in which he was admittedly not disabled. AR 17-18.

### 4. Analysis.

Plaintiff contends that the ALJ failed to articulate any clear and convincing reasons for finding Plaintiff not credible. JS at 6. The Court disagrees.

#### a. Little treatment for mental impairments.

Plaintiff alleged that he had quite significant mental symptoms, including an allegedly debilitating lack of focus and concentration, as well as a lack of mental energy to complete tasks. AR 38. He did not, however, obtain or request treatment that would be commensurate with his allegations. He testified that he did not go to counseling, failed to seek treatment from a psychiatrist or psychologist, and only received some medication from his treating physician which he considered ineffective. AR 39. The ALJ reasonably inferred that if Plaintiff's symptoms were as significant as he alleged, then he would have sought out additional mental health care.

That Plaintiff sought little treatment for his mental impairments was a clear and convincing reason to discount his allegations of disabling pain. See Burch, 400 F.3d at 681 (ALJ properly considered lack of treatment in

discounting plaintiff's testimony regarding depression and fatigue); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (in assessing credibility, ALJ may consider unexplained or inadequately explained failure to seek treatment); Smolen, 80 F.3d at 1284 (same).

    b. Inconsistent statements.

The ALJ determined that Plaintiff made inconsistent statements concerning the ability to walk and the use of his cane. AR 17. During a 2014 consultative examination with Dr. Sohail K. Afra, Plaintiff stated that he has extreme pain walking up and down the stairs and he is unable to drive because of dizziness and lack of focus. AR 1570. He also stated that the cane comes in handy because he has fallen before and gets dizzy at times. Dr. Afra's examination revealed that Plaintiff is able to walk without difficulties. AR 1573. The ALJ contrasted this with Plaintiff's hearing testimony, in which Plaintiff stated that he uses his cane when he walks to alleviate leg pain and fatigue, and that he is able to walk up and down the stairs with his cane, with someone's help, or with the help of a wall. AR 49.

The ALJ's determination that Plaintiff gave inconsistent statements regarding his need for a cane and his ability to walk is supported by substantial evidence. In his examination with Dr. Afra, Plaintiff indicated that he used a cane to assist him because he sometimes falls down and gets dizzy. AR 1570. In his hearing testimony, Plaintiff stated that he used his cane often due to leg pain and fatigue. AR 48-49. While this inconsistency may appear slight, it tends to discredit Plaintiff's testimony that his leg pain is so severe that he relies on a cane to walk. By citing these inconsistent statements regarding Plaintiff's ability to walk unassisted, the ALJ provided a clear and convincing reason for discounting Plaintiff's credibility.

    c. Inconsistency with the objective medical evidence.

The ALJ found that Plaintiff's credibility "is reduced by the lack of objective medical evidence to substantiate his claims." AR 17. The ALJ noted that several

examining and reviewing physicians found Plaintiff "to be much more capable than he claims."

The ALJ's determination is supported by substantial evidence. The record demonstrates a relatively short period of treatment for a colorectal tumor and diverticulosis, but recovery after successful treatment. Plaintiff was diagnosed with diabetes, peripheral edema[2], and bilateral deep venous thrombosis (blood clots) in August 2013. AR 15, citing AR 211-13, 216-17. In October 2013, Plaintiff was diagnosed with adenocarcinoma[3]. Id., citing AR 498-586. In November 2013, a CT scan of the chest revealed a pulmonary embolism (clot in the lungs). Id., citing AR 588-697.

In December 2013, Plaintiff underwent a laparoscopic-assisted low anterior resection with coloanal anastomosis and temporary diverting ileostomy (surgery to remove cancerous tumors). Id., citing AR 962. At that time, Plaintiff's doctor noted that his diabetes, hypertension, and pulmonary embolism were all stable. Id., citing AR 725-27. By late December, Plaintiff reported that he was doing well and declined additional resources for increased support. AR 16, citing AR 733-34.

In January 2014, Plaintiff reported no complaints. Id., citing AR 908-910. On February 7, 2014, a rigid proctoscopy was performed with normal results and Plaintiff's proximal mucosa appeared normal. The doctor assessed Plaintiff with status post coloanal procedure with no residual carcinoma, anastomosis healed well, and ileostomy reversal as planned. Id., citing AR 1314. On February 9, 2014, Plaintiff's doctor indicated that Plaintiff could walk two blocks or up a flight of

---

[2] Peripheral edema is an accumulation of fluid causing swelling in the lower limbs. See https://en.wikipedia.org/wiki/Peripheral_edema.

[3] Adenocarcinoma is a type of cancerous tumor that forms in mucus-secreting glands throughout the body. See http://www.cancercenter.com/terms/adenocarcinoma/.

1  stairs without chest pain, and found that Plaintiff had no complications, was
2  tolerating a regular diet, and was ambulating well. AR 1321, 1350. In March 2014,
3  Plaintiff reported he was doing well and no longer needed pain medications. <u>Id.</u>,
4  citing AR 1450-51. In May 2014, Plaintiff was controlling his bowel movements
5  although they had been somewhat irregular. At that time, Plaintiff denied any
6  abdominal pain or weight loss. <u>Id.</u>, citing AR 1516. In June 2014, Plaintiff
7  presented with weakness but results were otherwise normal. <u>Id.</u>, citing AR 1542-44.
8  After a blood pressure profile in July 2014, Plaintiff was encouraged to aim for 30
9  to 60 minutes of exercise most days. <u>Id.</u>, citing AR 1563.

10      Dr. Afra examined Plaintiff on December 10, 2014, revealing little objective
11  evidence of his limitations. Plaintiff's range of motion was within normal limits, he
12  had full muscle strength, normal sensation, normal reflexes, and was able to walk
13  without difficulty. AR 1571-73. Dr. Afra opined that Plaintiff could work with
14  some limitations. AR 1575-80. As the ALJ pointed out, no physician in the record
15  has opined that Plaintiff has functional limitations as severe as he alleged. The ALJ
16  properly noted the lack of objective medical support for Plaintiff's subjective
17  allegations as one factor among several in his credibility analysis.

18      Further, the ALJ did not rely solely on the lack of supporting medical
19  evidence to discount Plaintiff's credibility. As discussed above, the ALJ gave two
20  other clear and convincing reasons to discount Plaintiff's credibility concerning the
21  severity and limiting effects of his impairments. The ALJ was permitted to consider
22  the lack of supporting medical evidence as a factor confirming his other reasons.
23  <u>See</u> <u>Burch</u>, 400 F.3d at 681; <u>Rollins</u>, 261 F.3d at 857 ("While subjective pain
24  testimony cannot be rejected on the sole ground that it is not fully corroborated by
25  objective medical evidence, the medical evidence is still a relevant factor in
26  determining the severity of the claimant's pain and its disabling effects.") (citation
27  omitted); Social Security Ruling 96-7p (same).

28

d. Plaintiff's work history.

The ALJ also discounted Plaintiff's testimony because "[Plaintiff] has shown little propensity to work during several years even when admittedly not disabled." Plaintiff began working at the age of 19, and had consistent and continuous employment for 37 years from 1972 until he was laid off in 2009. AR 111-12. Plaintiff did not work in 2010 and 2011, but returned to work in 2012 and 2013 (for substantially less pay) before he was diagnosed with cancer. Id. While the Court has doubts that Plaintiff's work history demonstrates a lack of credibility, any error is harmless because the ALJ provided other valid reasons in support of his credibility determination. See Molina, 674 F.3d at 1115 (9th Cir. 2012) ("several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided reasons that were supported by the record") (citations omitted).

## IV.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED: April 3, 2017

_____
KAREN E. SCOTT
United States Magistrate Judge